United States v. Annette

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of December, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                       *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                       *Appellee*,

             -v-                                               12-4740-cr

FRANK ANNETTE,

                       *Defendant-Appellant*.

_____

Appearing for Appellant:     Leo E. Ahern, New Haven, CT.

Appearing for Appellee:      Craig S. Nolan, Assistant United States Attorney (Tristram J. Coffin, United States Attorney for the District of Vermont, Gregory L. Waples, *on the brief*), Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Frank Annette appeals from the November, 15, 2012 judgment of the United States District Court for the District of Vermont (Sessions, *J.*), sentencing him to a total of 260 months' imprisonment for convictions at trial for conspiracy to distribute heroin and also cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), conspiracy to possess a firearm in furtherance of drug-trafficking in violation of 18 U.S.C. § 924(o), and aiding another conspirator to possess a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Annette asserts it is improper for the district court to admit statements made as a result of a proffer that contains ambiguous language in its waiver, and alternatively, that this lack of clarity in the waiver raises due process and Fifth Amendment concerns. We need not decide this issue, because even if there was any error in admitting such statements, that error was harmless. "An erroneous ruling on the admissibility of evidence is harmless if . . . [it] did not substantially influence the jury. To say that erroneously admitted testimony did not substantially influence the jury we are not required to conclude that it could not have had any effect whatever; the error is harmless if we can conclude that that testimony was unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir. 1992) (internal quotation marks omitted). In this case, we conclude that the introduction of Annette's statements at trial with respect to the conspiracy to distribute cocaine base and heroin was not necessary for conviction in light of the voluminous testimony from a number of Annette's co-conspirators and other witnesses on this issue. We conclude the same with respect to the ample testimony addressing Annette's role in conspiring and encouraging others to secure weapons as part of this conspiracy.

We have examined the remainder of Annette's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk